UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIBERTY MUTUAL INSURANCE CO.                    CIVIL ACTION


VERSUS                                          NO. 06-0265
                                                c/w 06-1886 and
                                                     06-1888


NATIONAL RAILROAD PASSENGER CORP.               SECTION "F"
d/b/a AMTRAK, ET AL.

                                    This Order applies to C.A.
                                    Nos.06-1866 and 06-1888


                            ORDER AND REASONS

        Before the Court are two motions to remand.  For the reasons

that follow, the motions are DENIED.

                              Background

        On February 17, 2005, an Amtrak passenger train collided with

a truck, killing the two occupants in the truck.  Dan L. Warren and

Tyler Davis, employees of Red Simpson, Inc.,[1] were working as

linemen near the intersection of U.S. Highway 51 and THE Rev. J.

White Road in Tangipahoa Parish; they were performing work on Rev.

J. White Road.

        Warren, the driver of their employer's utility truck, began to

cross the railroad grade crossing, which was owned by Illinois

Central Railroad Company.  The truck collided with or was struck by

_____

        [1] Red Simpson is a subcontractor of Entergy Corporation.

                                   1

a northbound passenger train owned by The National Railroad Passenger Corporation ("Amtrak"), and operated by Merville L. Cheatwood, a locomotive engineer in Amtrak's employ.  Warren and Davis were BOTH killed.

IC owns and operates the railroad tracks and right of way on which Amtrak's train was traveling; Amtrak uses them pursuant to an operating agreement with IC.  The operating agreement allows Amtrak to use the tracks, but requires Amtrak to indemnify and hold IC harmless for any claims resulting from collisions involving Amtrak's trains on the tracks.

Three civil actions are presently pending in this Court as a result of the incident.

A.  The Liberty Mutual Suit, No. 06-0265

The first-filed Liberty Mutual suit is a subrogation suit prosecuted by the worker's compensation insurer of decedents' employer for recovery of approximately $180,000 in compensation benefits allegedly paid to decedents' beneficiaries.  Liberty Mutual has named Amtrak and IC as defendants.  Liberty Mutual further bases its claims upon improper crossing signage and poor crossing maintenance, and, on the theory that the crossing is defective.

Upon receipt of Liberty Mutual's subrogation petition, Amtrak, joined by IC, removed the action to this Court pursuant to 28 U.S.C. § 1441(a), based on federal question jurisdiction, 28 U.S.C.

§§ 1331 and 1349, as well as diversity jurisdiction, 28 U.S.C. § 1332. IC and Amtrak answered, denying any liability for the collision. Amtrak asserted a counterclaim against Liberty Mutual, the vehicular liability insurer of decedents' employer, for damages Amtrak sustained as a result of the collision, damage to its lead locomotive and costs expended in cleaning up diesel fuel.

No motion to remand has been filed in Liberty Mutual.

B.  The Kirsten Ray Suit, No. 06-1886

Kirsten Ray, which is consolidated with the earlier filed Liberty Mutual suit, is a wrongful death lawsuit prosecuted by the tutrix of decedent Warren's two minor children. As in Liberty Mutual, the plaintiff here has sued both Amtrak and IC,[2] along with other defendants,[3] alleging that defendants' negligence caused the collision.

Initially, Amtrak was not able to remove the Kirsten Ray suit because it could not obtain the consent of its "properly named and served" co-defendants within the thirty-day removal period. However, when plaintiff amended her petition to substitute IC for CNR, IC answered and asserted a third-party demand against Amtrak

_____

[2] The plaintiff originally sued Canadian National Railway Company, but later amended her petition to substitute IC in CNR's place.

[3] The other defendants include the Louisiana Department of Transportation, the Parish of Tangipahoa, the City of Independence, and two Amtrak employees -- James E. Ivy and Merville L. Cheatwood. Mr. Ivy was the Amtrak train's conductor; Mr. Cheatwood was its locomotive engineer.

3

for contractual indemnity based upon the language of their operating agreement. Deeming this indemnity claim as separate and independent of the plaintiff's main demands, Amtrak removed the action to this Court on April 13, 2006 pursuant to 28 U.S.C. § 1441(c).

    C.  The <u>Carson Davis</u> Suit, No. 06-1888

    <u>Carson Davis</u> is, like <u>Kirsten Ray</u>, a wrongful death action. The Plaintiff, Carson Davis, is the father of the passenger in the utility truck, Tyler C. Davis.

    Plaintiff did not sue Amtrak directly; rather, he sued Amtrak's employee James E. Ivy (who is also a named party in <u>Kirsten Ray</u>), along with IC and the Parish of Tangipahoa.

    As in <u>Kirsten Ray</u>, IC filed a third-party complaint against Amtrak for contractual indemnity based upon the operating agreement between them, and Amtrak removed the action to this Court on April 13, 2006, as in <u>Kirsten Ray</u>, basing removal on 28 U.S.C. § 1441(c). Thereafter, on May 24, 2006, more than thirty days after Amtrak filed its federal and state court removal notices, the plaintiff moved to remand this wrongful death claim.

### I. Subject Matter Jurisdiction

    Federal district courts have original jurisdiction over suits in which one of the parties is a federally-chartered corporation of which the United States owns more than 50% of the capital stock. 28 U.S.C. § 1349; <u>Osborn v. Bank of the United States</u>, 22 U.S. (9

Wheat) 738, 6 L.Ed. 204 (1824); <u>Pacific Railroad Removal Cases</u>, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885).  Amtrak is a federally-chartered corporation of which the United States owns more than 50% of the capital stock.  Thus, this Court has federal question jurisdiction over suits in which Amtrak is a party.  28 U.S.C. §§ 1331, 1349.

Amtrak is a party to both the <u>Kirsten Ray</u> and the <u>Carson Davis</u> suits.  Accordingly, the Court's subject matter jurisdiction over those suits cannot be questioned.  However, Kirsten Ray contests the propriety of Amtrak's removal and both Kirsten Ray and Carson Davis dispute the desirability of this Court's exercise of jurisdiction over their cases.

## II. Removal Jurisdiction

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  <u>See</u> <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir.), <u>cert. denied</u>, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, <u>Butler v. Polk</u>, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  <u>York v. Horizon Fed. Sav. and Loan Ass'n</u>, 712 F. Supp. 85, 87 (E.D. La. 1989); <u>see</u> <u>also</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941).

Amtrak contends that Davis' motion to remand is untimely pursuant to Section 1447(c).  Amtrak further contends that the Kirsten Ray suit was properly removed pursuant to Section 1441(c) and, given the federal nature of the case, the Court should not remand the case to state court.  The Court agrees.

A.  Carson Davis:  Untimely Remand Motion

Amtrak contends that Davis has waived his right to contest removal because his motion to remand was untimely.  The Court agrees.  Title 28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of any defect in removal jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The Fifth Circuit has instructed that "the word 'procedur[e]'...refers to any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original subject matter jurisdiction."  Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1544-45 (5th Cir. 1991).  Thus, a motion to remand must be made within 30 days of removal if the objections to the removal "are of a character that can be waived, such as formal and modal matters pertaining to the procedure for removal or the non-removability of a proceeding otherwise within federal jurisdiction."  Id. (citations omitted).

Davis' motion to remand is not based on any alleged lack of

6

original subject matter jurisdiction.  Amtrak removed on April 13,
2006.  Davis filed his motion to remand more than 30 days later, on
May 24, 2006.   Thus, even if the matter was somehow improperly
removed, an assertion that fails to persuade the Court, Davis'
motion is untimely.[4]

    B.  <u>Kirsten Ray</u>:  Separate and Independent Claim

While Carson Davis concedes that IC's contractual indemnity
claim against Amtrak is a separate and independent claim, Kirsten
Ray, on the other hand, disputes the separateness and independence
of the claim and asserts that the Court lacks removal jurisdiction.
Her arguments are without merit.

Kirsten Ray contends that IC's claim for contractual indemnity
against Amtrak is not a separate and independent claim from the
original main demand, and should be remanded pursuant to 28 U.S.C.
§ 1441(c).  Fifth Circuit precedent is to the contrary.

> Whenever a separate or independent claim or
> cause of action within the jurisdiction
> conferred by 28 U.S.C. § 1331 is joined with

---

[4]  Davis concedes that IC's indemnity claim against
Amtrak was a separate and independent claim removable pursuant to
28 U.S.C. § 1441(c), but contends that Amtrak's removal constitutes
improper forum shopping.  Specifically, Davis argues that the Court
"has the discretion to insure that a meaningless third party claim
should not be used as a procedural vehicle to deprive these
plaintiffs from litigating their purely state court claim in state
court."  Davis asks the Court to sever and remand the IC/Amtrak
claim from the other claims in his case, in which he asserts that
state law predominates.  This request to the Court to exercise its
discretion to sever and remand presupposes this Court's
jurisdiction.  And his failure to make a timely request for remand
constitutes waiver.

one or more otherwise non-removable claims or
causes of action, the entire case may be
removed and the district court may determine
all issues therein, or, in its discretion, may
remand all matters in which the state
predominates.

28 U.S.C. § 1441(c).

The Fifth Circuit has specifically held that a contractual
indemnity agreement is a "separate and independent" obligation
within the meaning of § 1441(c). See In re Wilson Industries ,
Inc., 886 F.2d 93, 96 (5th Cir. 1989); Carl Heck Engineers v.
Lafourche Parish Police, 622 F.2d 133, 136 (5th Cir. 1980); Marsh
Investment Corp. v. Langford, 494 F. Supp. 344 (E.D. La. 1980). In
Carl Heck, the Fifth Circuit defined a separate and independent
claim as "not unrelated to the main claim, but sufficiently
independent of it that a judgment in an action between those two
parties alone can be properly rendered." Carl Heck, 622 F.2d at
136. Amtrak's obligation to indemnify IC is just such a "separate
and independent" obligation. See The State of Texas v. Walker, 142
F.3d 813, 817 (5th Cir. 1998) ("[a] federal claim is separate and
independent if it involves an obligation distinct from the
nonremovable claims in the case"). Moreover, plaintiff's argument
that the IC/Amtrak indemnity claim is technically a cross-claim
rather than a third-party demand is a distinction without a
difference. See Lannes v. Operators Int'l, No. 04-584, 2004 WL
2984327, at * (E.D. La. Dec. 20, 2004) (noting that the Fifth

8

Circuit has not restricted the application of § 1441(c) to third-party claims and concluding that a cross-claim related to an arbitration agreement was a "separate and independent" federal question claim which permitted removal of entire state court action pursuant to 28 U.S.C. § 1441(c)).

Accordingly, because the IC/Amtrak contractual indemnity cross-claim is separate and independent, Amtrak's removal of the entire suit was proper pursuant to 28 U.S.C. § 1441(c).

### III. Discretionary Remand

Having determined that the IC/Amtrak cross-claim is separate and independent, Kirsten Ray alternatively invites the Court to exercise its discretion to sever the IC/Amtrak separate and independent claim and remand the state law claims. The Court declines her invitation.

Because the Kirsten Ray suit was removed from state court on the basis of federal question jurisdiction and that case also includes state law claims, § 1441(c) allows the Court to decide the entire case or, in its discretion, to remand all matters in which state law predominates. 28 U.S.C. § 1441(c); see also Buchner v. Federal Deposit Insurance Corp., 981 F.2d 816, 819 (5th Cir. 1993). Amtrak contends that remand is inappropriate because the plaintiff has sued Amtrak directly, a claim that Congress has chosen to deem federal in character by conferring original federal question subject matter jurisdiction in cases against federally-chartered,

majority federally-owned corporations.

The Court agrees that "the Federal character permeates the whole case, including the individual defendants as well as the [federal] corporation." See In re Dunn, 29 S.Ct. 299, 301 (1909). Moreover, the Fifth Circuit has acknowledged the federal nature of claims involving a federal entity:

> The subject matter jurisdiction of a federal district court includes 'all civil actions arising under the Constitution, laws, or treaties of the United States.' As the FDIC is a party to the [plaintiff's] civil suit, that suit is conclusively presumed to arise under the laws of the United States, and thus is within the original subject matter jurisdiction of the proper federal district court.

Buchner v. FDIC, 981 F.2d 816, 819 (5th Cir. 1993) (holding that "[a]s the FDIC is a party to the present suit, all of the component claims are conclusively deemed to have arisen under federal law").

As Amtrak is a party to the Kirsten Ray suit, all of the component claims are deemed to have arisen under federal law. See id. "And, as 1441(c) authorizes the federal district court to remand only those matters in which state law predominates, this discretionary remand provision is inapplicable to the instant action." Id. Moreover, Amtrak contends that plaintiff's claims against Amtrak, Amtrak's employees, and Amtrak's co-defendants are based on allegations of excessive train speed, failure to provide adequate audible warnings, and failure to insure the train was properly illuminated, all of which are allegations addressed by

10

federal law and regulation and that, Amtrak correctly contends, preempt state law.  <u>See</u> 49 U.S.C. § 20102; <u>CSX Transp., Inc. v. Easterwood</u>, 507 U.S. 658, 661 (1993) (determining that federal law preempted state law and recognizing that permissible train speed is preemptively established by Federal Railroad Administration regulation).  Plaintiff has failed to convince the Court that state law predominates in her main demand against Amtrak and the other defendants.

Accordingly, both motions to remand are DENIED.


New Orleans, Louisiana, August 2, 2006.


_____
        MARTIN L. C. FELDMAN
     UNITED STATES DISTRICT JUDGE

11